**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael LEWIS, Defendant—Appellant.**

**No. 02–55740. D.C. Nos. CV–01–08295–GHK, CR–98–00916–GHK.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 20, 2003.

---

Andrew Brown, Asst. U.S. Atty., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Before REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

 1. Appellant Michael Lewis contends that his defense counsel acted unreasonably by not seeking a mistrial. We disagree. The record reflects that counsel carefully researched Lewis' options before making a reasoned tactical decision. Counsel also consulted his supervisor and Lewis. This combination of investigation and consultation rendered counsel's tactical decision "virtually unchallengeable[.]" *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. Lewis claims that his counsel should have sought a continuance of the trial. However, as six experts, including two defense experts, had previously matched Lewis' fingerprints to those at the scene, counsel reasonably doubted his ability to find a new expert. Counsel also believed that the jury had been favorably impressed by his cross-examination of the prosecution's witnesses. Thus, a continuance would have interrupted the flow of the trial. Looking at the situation from counsel's perspective, and in light of the *Strickland* presumption of reasonable performance, we cannot fault counsel's failure to request a continuance. *See Strickland*, 466 U.S. at 689.

3. A motion for a new trial after the jury verdict was rendered would have been futile for two reasons. First, the defense twice confirmed that it was satisfied with the remedy of cross-examining the government's expert. Second, because the district court did not correct defense counsel's statement that the government intimidated the defense expert into not testifying, and did not limit use of the defense expert's opinion, the defense received more of a benefit than the court originally granted.

As the district court in all likelihood would not have granted a new trial, counsel's decision to forego the motion was reasonable. *See Wilson v. Henry*, 185 F.3d 986, 991–92 (9th Cir.1999) (counsel not ineffective where motion for a new trial "would have been to no avail.").

4. The existing record was sufficient to enable the district court to rule on Lewis' petition. The district court did not abuse its discretion in denying an evidentiary hearing. *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir.2003).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.